UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN CLARK,

               Petitioner,                          Case Number 24-13295
                                                  Honorable David M. Lawson

v.

CHRISTOPHER SWANSON,

               Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF PROHIBITION

Calvin Clark, a pretrial detainee incarcerated at the Genesee County Jail, is charged with serious crimes by Michigan authorities.  He has filed a paper styled as a "Writ of Prohibition," alleging several defects in his prosecution, which, he contends, should compel this Court to void the state proceedings.  It also appears in his shambolic filing that he seeks a writ of habeas corpus. Because federal courts may not issue a writ of prohibition to interfere with an ongoing state court prosecution and should abstain from granting habeas corpus while the state matter proceeds, the Court will deny the petition.

I.

Clark is charged in Genesee County Circuit Court with assault with intent to murder, assault with intent to do great bodily harm less than murder, domestic violence, human trafficking, two counts of torture, lying to a peace officer, and being a second offense habitual offender.  *See* Felony Information, ECF No. 1, PageID.16-17.  The state court docket shows that a trial date has not been scheduled yet.  *See People v. Clark*, No. 2021-0000047638-FC.

The hand-written petition is not a model of clarity.  As best as the Court can discern, Clark alleges numerous deficiencies in the state court criminal proceeding, including that official court

records do not contain proper documentation, the probable cause determination was improper, and "all writs and process issuing" have not complied with the requirement that they be under seal of the court and signed by the clerk.  ECF No. 1, PageID.2-3.  He also alleges that court officers and judges have failed to protect his rights as required by the United States Constitution and the Declaration of Independence.  *Id.* at PageID.3.

Clark maintains that a writ of prohibition should issue because the state court proceeding suffers from a host of errors, which violate state law and Clark's constitutional rights.

## II.

A writ of prohibition, authorized by the All Writs Act, 28 U.S.C. § 1651, may issue "to prevent a court of peculiar, limited, or inferior jurisdiction from assuming jurisdiction of a matter beyond its legal cognizance."  *Smith v. Whitney*, 116 U.S. 167, 176 (1886).  However, a lower federal court may not issue a writ of prohibition to prohibit actions by a state court.  *In re Wallace*, 438 F. App'x 135, 137 (3d Cir. 2011) (per curiam) (holding that the federal court lacked jurisdiction to compel state court to dismiss criminal charges against petitioner); *Oliver-Ward v. Blackwell*, 127 F.3d 1106, *1 (9th Cir. 1997) (unpublished table disposition) ("A writ of prohibition is not a means for invalidating the judgment of a non-subordinate court such as a state court, but rather is a means of confining or compelling the exercise of jurisdiction of an 'inferior court' such as a lower federal court."); *Londono-Rivera v. Virginia*, 155 F. Supp. 2d 551, 559 n.4 (E.D. Va. 2001) ("[A] federal district court cannot issue a writ to a state court."); *Siler v. Storey*, 587 F. Supp. 986, 987 (N.D. Tex. 1984) (stating that "[w]rits of prohibition traditionally have been used by *appellate* courts to exert their revisory powers over inferior courts, but it is not an

- 2 -

appropriate remedy to control jurisdiction of other, nonsubordinate courts."). The state courts of Michigan are not "inferior" to a federal district court. Therefore, the Court may not employ the writ to interfere with the state proceedings.

Additionally, although the pleading is styled as a petition for writ of prohibition, Clark's prayer for relief also mentions a writ of habeas corpus. ECF No. 1, PageID.35. Actually, it appears that the thrust of the petition is directed to relief that might be sought as a writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013) ("'Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.'") (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)).

Section 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, [but] the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Federal courts should not interfere with pending state criminal proceedings where there is an ongoing state judicial proceeding; the proceeding implicates important state interests; and the petitioner has an adequate opportunity in the state proceeding to raise constitutional challenges. *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017). The Sixth Circuit has recognized three exceptions that permit a federal court to consider a pre-trial habeas petition: (1) the petitioner seeks a speedy trial and available state-court remedies have been exhausted; (2) the

petitioner seeks to avoid a second trial on double jeopardy grounds; and (3) the petitioner faces prejudice from retrial based on ineffective assistance of counsel. *Hill v. Welsh*, No. 21-1759, 2022 WL 17493380, at *1 (6th Cir. June 24, 2022) (citing *Atkins*, 644 F.2d at 546; *Delk v. Atkinson*, 665 F.2d 90 (6th Cir. 1981); and *Turner v. Tennessee*, 858 F.2d 1201, 1208-09 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989)).

Here, all three bases for abstention exist. First, Clark has an ongoing state criminal case pending in the Genesee County court. Second, state court criminal proceedings "implicate[] the important state interests of interpreting statutes and maintaining law and order within a state." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020). Third, state court criminal proceedings provide an adequate opportunity for Clark to raise his constitutional challenges. Clark has alleged no facts to show that he is or will be unable to raise constitutional claims in the state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Finally, Clark does not assert that he is imperiled by possible speedy trial or double jeopardy violations, nor does he contend that he faces prejudice from retrial arising from ineffective assistance of counsel. Abstention from habeas relief therefore is appropriate in this case.

Additionally, a state prisoner must exhaust state court remedies before seeking federal habeas relief. *Atkins*, 644 F.2d at 546. The exhaustion requirement applies to petitions filed by pretrial detainees. *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008). Clark has not alleged that

- 4 -

any of the legal arguments he raises in his petition have been raised in the state trial court, the Michigan Court of Appeals, or Michigan Supreme Court.  Therefore, relief is not currently available to him under section 2241.

III.

Petitioner Calvin Clark has not stated sufficient grounds in his moving papers to allow the issuance of a writ of prohibition.  The Court will abstain from entertaining a request for habeas corpus relief under 28 U.S.C. § 2241.

Accordingly, it is **ORDERED** that that the petition for a writ of prohibition is **DENIED**, and, construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, the petition is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson_____<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:  January 29, 2025

- 5 -